Filing # 64663319 E-Filed 11/28/2017 01:43:40 PM

### IN THE CIRCUIT COURT OF THE THIRTEETH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH, FLORIDA
### CIVIL DIVISION

NICOLE OKICKI,

        **Plaintiff,**

vs.

                                              **Case No.:  17-CA-10689**

NVR, INC. d/b/a RYAN HOMES,

        **Defendant.**

                                                    /

### COMPLAINT

COMES NOW Plaintiff, NICOLE OKICKI, by and through her undersigned counsel, and hereby sues Defendant, NVR, INC. d/b/a RYAN HOMES, and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00) exclusive of costs, interest, and attorney's fees.

2.     Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.     At all times material herein, Plaintiff, NICOLE OKICKI (hereinafter referred to as "Plaintiff"), was and is a resident of Hillsborough County, Florida.

4.     At all times material herein, Defendant, NVR, INC. d/b/a RYAN HOMES (hereinafter referred to as "Defendant"), was and is a foreign profit corporation, authorized to and conducting business in Hillsborough County, Florida.

### ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to bringing this action have occurred.

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

7.     More than 180 days have passed since the filing of this charge.

8.     Plaintiff has received the Right to Sue from the Equal Employment Opportunity Commission (EEOC). A copy of the Right to Sue is attached as Exhibit "B".

## GENERAL ALLEGATIONS

9.     At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10.    At all times material herein, Defendant was and is an employer as defined by the laws under which this action is brought and employee the requisite number of individuals.

11.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

12.    Plaintiff began her employment with Defendant in approximately April of 2013, as a Sales and Marketing Representative.

13.    In or around October of 2016, Plaintiff became aware that she was pregnant and a few months later, informed Carol Hall, Tye Finlay, Richard Thompson, Scott Kalman, and Shawn Colvin, during a marketing meeting.

14.    Sometime in February of 2017, Plaintiff was taken from a dual representative selling situation and placed in a single representative selling situation. Since approximately April of 2013, Plaintiff has been in a dual representative selling situation (two representatives, one

2

community) to manage work load, traffic, back logs, etc. The single representative situation required Plaintiff to work excessive hours and work alone, pregnant, in the southernmost community, furthest away from her home and Defendant's corporate office.

15.     In or around early January of 2017, Plaintiff had a meeting with Sales Manager, Carol Hall, to discuss her options with regard to her schedule as her physician was concerned with the excessive hours she was working.

16.     Despite the circumstances, Plaintiff was still performing and had an excellent record.

17.     Also, in February of 2017, Plaintiff was given an approval from Ms. Hall to be absent from work on February 26, 2017. Ms. Hall told Plaintiff that because they did not have anyone to cover her model home, to call in sick.

18.     Plaintiff prepared for her absence and placed a note on the door of the model home indicating her absence. At the time, Plaintiff had every single one of her accrued, earned PTO days available and unused.

19.     Plaintiff returned to work on Monday, February 27, 2017.

20.     On or about March 6, 2017, Plaintiff met with Ms. Hall to again discuss the scheduling for March and to express her concern with the excessive hours she was working.

21.     On or about March 8, 2017, and March 9, 2017, Plaintiff was excused from work due to a medical emergency and started the process of filing for Family Medical Leave.

22.     On or about March 8, 2017, Plaintiff e-mailed Ms. Hall and the local Human Resources to advise that she was pursuing Family Medical Leave.

3

23.     Plaintiff received the Family Medical Leave paperwork and was waiting on her physician to complete the paperwork at her follow up appointment which was scheduled for Monday afternoon, on March 13, 2017.

24.     On or about March 13, 2017, Plaintiff was terminated for an alleged no call, no show that occurred on February 26, 2017.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION

25.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 24.

26.     Plaintiff is a member of a protected class under Title VII.

27.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

28.     Defendant knew, or should have known of the discrimination.

29.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages

**WHEREFORE**, Plaintiff, NICOLE OKICKI, prays for judgment against Defendant, NVR, INC. d/b/a RYAN HOMES, and for the following damages:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Punitive damages;

f.     Attorney's fees and costs;

4

g.     Injunctive relief;

h.     For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT - PREGNANCY DISCRIMINATION

30.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 – 24.

31.    Plaintiff is a member of a protected class under the Florida Civil Rights Act.

32.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Florida Civil Rights Act.

33.    Defendant knew, or should have known of the discrimination.

34.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, NICOLE OKICKI, prays for judgment against Defendant, NVR, INC. d/b/a RYAN HOMES, and for the following damages:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Punitive damages;

f.     Attorney's fees and costs;

g.     Injunctive relief;

h.     For any other relief this Court deems just and equitable.

## COUNT III
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

35.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 – 24.

36.     Defendant's actions interfered with Plaintiff's Family Medical Leave Act ("FMLA") rights.

37.     Defendant's actions constitute violations of the FMLA.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, NICOLE OKICKI, prays for judgment against Defendant, NVR, INC. d/b/a RYAN HOMES, and for the following damages:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Liquidated damages;

e.     Attorney's fees and costs;

f.     Injunctive relief;

g.     Reinstatement;

h.     For any other relief this Court deems just and equitable.

## COUNT IV
## FAMILY MEDICAL LEAVE ACT – RETALIATION

39.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 – 24.

6

40.     Defendant has retaliated against Plaintiff for asserting her FMLA rights.

41.     Defendant's actions constitute violations of the FMLA.

42.     As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, NICOLE OKICKI, prays for judgment against Defendant, NVR, INC. d/b/a RYAN HOMES, and for the following damages:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Liquidated damages;

e.      Attorney's fees and costs;

f.      Injunctive relief;

g.      Reinstatement;

h.      For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

43.     Plaintiff demands a jury trial on all issues so triable.

**DATED:** November 28, 2017

FLORIN GRAY BOUZAS OWENS, LLC

*/s/ Wolfgang M. Florin*
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:      wolfgang@fgbolaw.com
Secondary:    daniela@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:      chris@fgbolaw.com

7

**ROBIN M. OROSZ, ESQUIRE**
Florida Bar No.: 724769
Primary:      robin@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
Attorneys for Plaintiff

8