**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| NICOLE OKICKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 8:17-cv-03082-JSM-AEP |
| ) | |
| NVR, INC. d/b/a RYAN HOMES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant NVR, Inc. d/b/a Ryan Homes ("Defendant") hereby answers the Complaint of Plaintiff Nicole Okicki ("Plaintiff") as follows, and to the extent that Defendant does not answer a specific averment, it is hereby denied:

**JURISDICTION AND VENUE**

**COMPLAINT ¶1:** This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00) exclusive of costs, interest, and attorney's fees.

**ANSWER:** Paragraph 1 of the Complaint consists of introductory statements to which no response is required.  To the extent the Court requires a response, Defendant admits that Plaintiff seeks damages in excess of $15,000 and denies that Plaintiff is entitled to any recovery whatsoever based on her claims in this matter.

**COMPLAINT ¶2:** Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

**ANSWER:** Paragraph 2 of the Complaint consists of a conclusion of law to which no response is required.  To the extent the Court requires a response, Defendant admits that events described in Plaintiff's Complaint occurred in this District.

## PARTIES

**COMPLAINT ¶3:** At all times material herein, Plaintiff, NICOLE OKICKI (hereinafter referred to as "Plaintiff"), was and is a resident of Hillsborough County, Florida.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3 of the Complaint and so denies it.

**COMPLAINT ¶4:** At all times material herein, Defendant, NVR, INC. d/b/a RYAN HOMES (hereinafter referred to as "Defendant"), was and is a foreign profit corporation, authorized to and conducting business in Hillsborough County, Florida.

**ANSWER:** Admitted.

## ADMINISTRATIVE PREREQUISITES

**COMPLAINT ¶5:** All conditions precedent to bringing this action have occurred.

**ANSWER:** Paragraph 5 of the Complaint consists of a conclusion of law to which no response is required. To the extent the Court requires a response, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter from the EEOC.

**COMPLAINT ¶6:** Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

**ANSWER:** Paragraph 6 of the Complaint consists of a conclusion of law to which no response is required. To the extent the Court requires a response, admitted. Defendant further responds that Plaintiff's charge of discrimination is a document that speaks for itself.

**COMPLAINT ¶7:** More than 180 days have passed since the filing of this charge.

**ANSWER:** Admitted.

**COMPLAINT ¶8:** Plaintiff has received the Right to Sue from the Equal Employment Opportunity Commission (EEOC). A copy of the Right to Sue is attached as Exhibit "B".

**ANSWER:** Defendant admits that the EEOC issued a right to sue letter and further responds that the document speaks for itself.

## GENERAL ALLEGATIONS

**COMPLAINT ¶9:** At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

**ANSWER:** Denied.

**COMPLAINT ¶10:** At all times material herein, Defendant was and is an employer as defined by the laws under which this action is brought and employee [sic] the requisite number of individuals.

**ANSWER:** Paragraph 10 of the Complaint consists of a conclusion of law to which no response is required. To the extent the Court requires a response, admitted.

**COMPLAINT ¶11:** Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**ANSWER:** Denied. Responding further, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of any contractual arrangement between Plaintiff and her counsel, and therefore denies the allegation.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶12:** Plaintiff began her employment with Defendant in approximately April of 2013, as a Sales and Marketing Representative.

**ANSWER:** Defendant admits that it hired Plaintiff hired in April 2013 as a Sales and Marketing Representative-In-Training, and denies the remaining allegation in paragraph 12.

**COMPLAINT ¶13:** In or around October of 2016, Plaintiff became aware that she was pregnant and a few months later, informed Carol Hall, Tye Finlay, Richard Thompson, Scott Kalman, and Shawn Colvin, during a marketing meeting.

**ANSWER:** Defendant admits that Plaintiff informed certain employees of Defendant about her pregnancy a few months after October 2016, and states that it lacks knowledge or information sufficient to form a belief as to the truth of when Plaintiff became aware of her pregnancy.

**COMPLAINT ¶14:** Sometime in February of 2017, Plaintiff was taken from a dual representative selling situation and placed in a single representative selling situation. Since approximately April of 2013, Plaintiff has been in a dual representative selling situation (two representatives, one community) to manage work load, traffic, back logs, etc. The single representative situation required Plaintiff to work excessive hours and work alone, pregnant, in the southernmost community, furthest away from her home and Defendant's corporate office.

**ANSWER:** Defendant admits that in or about February 2017, Plaintiff was assigned as the sole sales representative for a certain model home. Defendant denies the remaining allegations in Paragraph 14.

**COMPLAINT ¶15:** In or around early January of 2017, Plaintiff had a meeting with Sales Manager, Carol Hall, to discuss her options with regard to her schedule as her physician was concerned with the excessive hours she was working.

**ANSWER:** Denied.

**COMPLAINT ¶16:** Despite the circumstances, Plaintiff was still performing and had an excellent record.

**ANSWER:** Denied.

**COMPLAINT ¶17:** Also, in February of 2017, Plaintiff was given an approval from Ms. Hall to be absent from work on February 26, 2017. Ms. Hall told Plaintiff that because they did not have anyone to cover her model home, to call in sick.

**ANSWER:** Denied.

**COMPLAINT ¶18:** Plaintiff prepared for her absence and placed a note on the door of the model home indicating her absence. At the time, Plaintiff had every single one of her accrued, earned PTO days available and unused.

**ANSWER:** Defendant admits that Plaintiff had accrued PTO days available on February 26, 2017 and that Plaintiff placed a note on the door of her model home, but lacks knowledge or information sufficient to form a belief as to the note's contents and therefore denies the allegation. Defendant denies the remaining allegations in Paragraph 18. Responding further, Defendant states that it requires employees to request PTO days 30 days in advance and to obtain advance approval.

**COMPLAINT ¶19:** Plaintiff returned to work on Monday, February 27, 2017.

**ANSWER:** Admitted.

**COMPLAINT ¶20:** On or about March 6, 2017, Plaintiff met with Ms. Hall to again discuss the scheduling for March and to express her concern with the excessive hours she was working.

**ANSWER:** Defendant admits that scheduling was one item of discussion during a meeting between Plaintiff and Ms. Hall on or about March 6, 2017. Defendant further responds that Plaintiff and Ms. Hall also discussed Plaintiff's unexcused absence on February 26, 2017. Defendant denies the remaining allegations in Paragraph 20.

**COMPLAINT ¶21:** On or about March 8, 2017, and March 9, 2017, Plaintiff was excused from work due to a medical emergency and started the process of filing for Family Medical Leave.

**ANSWER:** Defendant admits that Plaintiff was absent from work on March 8, 2017, and that on March 9, 2017, Plaintiff requested documents related to FMLA. Defendant denies the remaining allegations in Paragraph 21 and further responds that any written communications speak for themselves.

**COMPLAINT ¶22:** On or about March 8, 2017, Plaintiff e-mailed Ms. Hall and the local Human Resources to advise that she was pursuing Family Medical Leave.

**ANSWER:** Defendant admits that on March 9, 2017, Plaintiff emailed Ms. Hall and a human resources employee requesting documents related to FMLA. Defendant denies the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:** Plaintiff received the Family Medical Leave paperwork and was waiting on her physician to complete the paperwork at her follow up appointment which was scheduled for Monday afternoon, on March 13, 2017.

**ANSWER:** Defendant admits that it timely provided FMLA paperwork to Plaintiff. Defendant further responds that it lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff had a doctor's appointment scheduled for March 13, 2017, and therefore denies the allegation.

**COMPLAINT ¶24:** On or about March 13, 2017, Plaintiff was terminated for an alleged no call, no show that occurred on February 26, 2017.

**ANSWER:** Defendant admits that Plaintiff's employment was terminated on March 13, 2017 in part due to her failure to report to work on February 26, 2017 and due in part to the fact that she had been dishonest about the circumstances surrounding her absence when questioned by her supervisors.

**COUNT I**
**TITLE VII -- PREGNANCY DISCRIMINATION**

**COMPLAINT ¶25:** Plaintiff realleges and adopts the allegations stated in Paragraphs 1-24.

**ANSWER:** Paragraph 25 consists of statements of incorporation, to which no response is required. To the extent that a response is deemed required, Defendant incorporates its responses to Paragraphs 1 through 24 herein.

**COMPLAINT ¶26:** Plaintiff is a member of a protected class under Title VII.

**ANSWER:** Paragraph 26 of the Complaint consists of a conclusion of law to which no response is required. To the extent the Court requires a response, admitted.

**COMPLAINT ¶27:** By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

**ANSWER:** Denied.

**COMPLAINT ¶28:** Defendant knew, or should have known of the discrimination.

**ANSWER:** Denied.

**COMPLAINT ¶29:** As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**ANSWER:** Denied.

### [COUNT I PRAYER FOR RELIEF]

Defendant denies the propriety of each and every request contained in Plaintiff's prayer for relief and denies each and every factual allegation contained therein.

### COUNT II
### FLORIDA CIVIL RIGHTS ACT - PREGNANCY DISCRIMINATION

**COMPLAINT ¶30:** Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-24.

**ANSWER:** Paragraph 30 consists of statements of incorporation, to which no response is required. To the extent that a response is deemed required, Defendant incorporates its responses to Paragraphs 1 through 29 herein.

**COMPLAINT ¶31:** Plaintiff is a member of a protected class under the Florida Civil Rights Act.

**ANSWER:** Paragraph 31 of the Complaint consists of a conclusion of law to which no response is required. To the extent the Court requires a response, admitted.

**COMPLAINT ¶32:** By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Florida Civil Rights Act.

**ANSWER:** Denied.

**COMPLAINT ¶33:** Defendant knew, or should have known of the discrimination.

**ANSWER:** Denied.

**COMPLAINT ¶34:** As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**ANSWER:** Denied.

### [COUNT II PRAYER FOR RELIEF]

Defendant denies the propriety of each and every request contained in Plaintiff's prayer for relief and denies each and every factual allegation contained therein.

### COUNT III
### FAMILY MEDICAL LEAVE ACT — INTERFERENCE

**COMPLAINT ¶35:** Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-24.

**ANSWER:** Paragraph 35 consists of statements of incorporation, to which no response is required. To the extent that a response is deemed required, Defendant incorporates its responses to Paragraphs 1 through 34 herein.

**COMPLAINT ¶36:** Defendant's actions interfered with Plaintiff's Family Medical Leave Act ("FMLA") rights.

**ANSWER:** Denied.

**COMPLAINT ¶37:** Defendant's actions constitute violations of the FMLA.

**ANSWER:** Denied.

**COMPLAINT ¶38:** As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

**ANSWER:** Denied.

### [COUNT III PRAYER FOR RELIEF]

Defendant denies the propriety of each and every request contained in Plaintiff's prayer for relief and denies each and every factual allegation contained therein.

### COUNT IV
### FAMILY MEDICAL LEAVE ACT — RETALIATION

**COMPLAINT ¶39:** Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-24.

**ANSWER:** Paragraph 39 consists of statements of incorporation, to which no response is required. To the extent that a response is deemed required, Defendant incorporates its responses to Paragraphs 1 through 38 herein.

**COMPLAINT ¶40:** Defendant has retaliated against Plaintiff for asserting her FMLA rights.

**ANSWER:** Denied.

**COMPLAINT ¶41:** Defendant's actions constitute violations of the FMLA.

**ANSWER:** Denied.

**COMPLAINT ¶42:** As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

**ANSWER:** Denied.

### [COUNT IV PRAYER FOR RELIEF]

Defendant denies the propriety of each and every request contained in Plaintiff's prayer for relief and denies each and every factual allegation contained therein.

## JURY DEMAND

**COMPLAINT ¶43:** Plaintiff demands a jury trial on all issues for triable.

**ANSWER:** Defendant also demands a jury trial.

## ADDITIONAL, AFFIRMATIVE AND OTHER DEFENSES

By listing the following as defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in her Complaint, and to establish her alleged damages.

## FIRST ADDITIONAL DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff cannot establish a *prima facie* case for any of her causes of action or otherwise cannot satisfy her burden of proof.

## THIRD ADDITIONAL DEFENSE

Defendant has complied with all laws and regulations and satisfied its statutory obligations toward Plaintiff.

## FOURTH ADDITIONAL DEFENSE

Plaintiff did not satisfactorily perform the duties required by her position.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are not actionable because any employment decisions were justified by legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons.

## SIXTH ADDITIONAL DEFENSE

Plaintiff cannot establish that Defendant's actions were a pretext for discrimination or retaliation.

### SEVENTH ADDITIONAL DEFENSE

To the extent Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare herself to a similarly situated employee.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that she failed to satisfy statutory and/or regulatory requirements, or failed to comply with reasonable internal policies or applicable regulations.

### NINTH ADDITIONAL DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act by Defendant, Plaintiff's claims are barred or her damages are limited because Defendant published policies against discrimination and acted reasonably to prevent discrimination, and Plaintiff unreasonably failed to take advantage of the policies or to avoid harm otherwise.

### TENTH ADDITIONAL DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act by Defendant, Plaintiff's damages are limited or cut off to the extent that she has failed to mitigate her damages.

### ELEVENTH ADDITIONAL DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act by Defendant, Defendant did not cause any damages that Plaintiff may have suffered nor is Defendant responsible for any such damages.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that she failed to comply with applicable statutes of limitation or failed to satisfy or exhaust administrative or jurisdictional prerequisites.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiff is barred or estopped by her own negligence, conduct, acts, or omissions from asserting some or all of the claims set forth in the Complaint, or from obtaining relief.

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain a claim for such damages.

### RESERVATION OF RIGHT TO AMEND

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any defenses contained herein.

WHEREFORE, the Defendant prays that the Court enter judgment:

1. dismissing the Complaint on the merits and with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action; and

3. granting to Defendant further relief as the Court may deem just and proper.

- 13 -

        Respectfully submitted,

        NVR, INC. d/b/a RYAN HOMES

        By  */s/ Salomon Laguerre*
           Salomon Laguerre
           slaguerre@seyfarth.com
           Florida Bar No. 092470
           SEYFARTH SHAW LLP
           1075 Peachtree Street, N.E.
           Suite 2500
           Atlanta, GA  30309-3958
           Telephone: (404) 885-1500
           Facsimile:  (404) 892-7056
           slaguerre@seyfarth.com

        Counsel for Defendant

Date: December 26, 2017

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| NICOLE OKICKI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 8:17-cv-03082-JSM-AEP |
| | ) |
| NVR, INC. d/b/a RYAN HOMES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/Salomon Laguerre*
　　Salomon Laguerre

43509863v.2